IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: )
)
ROBERT F. ROBBEN ) Case No. 20-10196-DLS
) Chapter 11
Debtor. )
_____)

## DEBTOR'S PLAN OF REORGANIZATION DATED AUGUST 17, 2020

### Article I.
### Summary

The Debtor, Robert F. Robben, presents this Plan of Reorganization Dated August 17, 2020 ("the Plan").

The Plan provides for four (4) classes of secured claims: Bank of Commerce and Trust, Vintage Bank, Home Bank and Trust, and Emprise Bank, and one (1) class of unsecured claims. All classes will be paid in full over various time periods and under various terms.

The Plan also provides for payment of administrative and priority claims. Administrative claims will be paid as approved by the Court. Priority claims, if any, will be paid from and after the Effective Date through February 19, 2025.

All creditors should refer to Articles II through IV of the Plan for information regarding the precise treatment of their claim(s). A Disclosure Statement that provides more detailed information regarding the Plan and the rights of creditors has been circulated with this Plan. **Creditors and other parties in interest should read these papers carefully and discuss them with their attorney or other advisor.**

### Article II.
### Classification of Claims and Interests

Administrative, Priority, and Unimpaired claims are not classified under this Plan and are treated under the terms of Article III. Classified claims and interests are as follows (see Article IV for treatment):

**2.01** **Class 1:** The allowed secured claim of Bank of Commerce and Trust ("Bank of Commerce").

**2.02** **Class 2:** The allowed secured claim of Vintage Bank of Kansas ("Vintage").

**2.03** **Class 3:** The allowed secured claim of Home Bank and Trust Company ("HBT").

**2.04** **Class 4:** The allowed secured claim of Emprise Bank ("Emprise").

**2.05** **Class 5:** All allowed general unsecured claims.

### Article III.
### Treatment of Administrative, Priority, and Unimpaired Claims / U.S. Trustee Fees

**3.01** **Administrative Expense Claims.** Post-petition expenses incurred in the ordinary course will be paid pursuant to regular terms and practice. An administrative expense not incurred in the ordinary course will not be paid until such claim is allowed by court order. Such claims will be paid, at the earliest, on the Effective Date, and may be paid upon such other terms as may be agreed by the holder of the claim. The Debtor may object to any administrative expense claim, filed or not filed, at any time prior to entry of a Final Decree.

**3.01.1** **Bar Date.** Except as otherwise ordered by the Court for cause, all requests for administrative expenses not incurred in the ordinary course must be filed no later than twenty-one (21) days after the Confirmation Date, and will be allowed only on a notice and hearing basis.

**3.01.2 Professional fees**. Requests for allowance and payment of professional fees for any professional employed by the Debtor must be made on a notice and hearing basis, but will not be subject to the bar date set out above, pending entry of a Final Decree.

**3.02 Priority Tax Claims.** The Plan does not provide for priority claims. The Debtor has not listed any priority claims. Notwithstanding, the Internal Revenue Service ("IRS") has filed Claim No. 1 asserting priority for 2018 ($44,788.19 plus interest of $2,039.31) and 2019 ($2,252.33) income taxes. The claim is based on estimates. The Debtor will object to this claim. The 2018 return has been filed and shows no liability. The 2019 return has not been filed, but no liability is expected. Notwithstanding, any income tax liability for 2018 or 2019 which might be determined by the court to be owed will be paid with interest at the statutory rate from the Effective Date in equal semi-annual payments beginning February 19, 2021 and ending February 19, 2025.

**3.03 Unimpaired Claims.** The Debtor is a party to a contract for deed to purchase a tract of real estate (Schedule A/B ¶1.6) with Raymond Youngers. The contract provides for annual payments and the Debtor is current as of the date of the petition. The Debtor will maintain payments as provided for in the parties' agreement. Youngers is unimpaired.

**3.04 United States Trustee Fees**. All fees required to be paid by 28 USC §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. After Confirmation, the Debtor will file with the Court, and serve on the U.S. Trustee, a quarterly disbursement report for each quarter or portion thereof, until a Final Decree is entered.

### Article IV.
### Treatment of Classified Claims and Interests

**4.01    Class 1. Bank of Commerce and Trust ("Bank of Commerce").** Impaired. Bank of Commerce has filed Claims 4-9 as follows: Claim #4 $468,560.13 (loan #92255 original amount $506,000.00, interest rate WSJ Prime plus 2.5% as of 5/1/19 maturity 5/1/34); Claim #5 $516,626.22 (loan #104685 original amount $535,832.23, interest rate 5.5% until 9/22/21, then WSJ Prime plus 2.0%, maturity 9/22/36); Claim #6 $157,036.59 (loan #1000119674 original amount $153,850.00, interest rate 6.5% maturity 6/5/20); Claim #7 $56,390.27 (loan #107457 original amount $82,919.00 interest rate 6.75% maturity 4/1/22); Claim #8 $84,179.87 (loan #105972 original amount $100,000.00, interest rate 6.5%, maturity 12/6/22); Claim #9 $200,352.34 (loan #55628 original amount $200,000.00, interest rate 6.5%, maturity 3/5/21). The claim amounts total $1,483,145.42.

Bank of Commerce is secured by various tracts of real estate as shown in the Claims and Schedules, and by livestock, farm equipment, crops and other personal property, again as shown in the Claims and Schedules. Bank of Commerce is fully secured.

Treatment.

The total Bank of Commerce claim will be divided between Claim 4 ($468,560.13) and Claim 5 ($516,626.22) totaling $985,186.35, which will be paid with interest at 4.75% (WSJ Prime + 1.5%) from the Effective Date, in equal semi-annual payments amortized for 25 years from the Effective Date with the first payment due six months after the Effective Date. Each payment will be in the amount of $33,873.39. Bank of Commerce will retain its mortgages to secure such $985,186.35 subject to the terms of the Plan.

Bank of Commerce Claims 6 ($157,036.59), 7 ($56,390.27), 8 ($184,179.87) and 9 ($200,352.34) totaling $497,959.07, will be paid with interest at 4.75% (WSJ Prime + 1.5%)

from the Effective Date, in equal semi-annual payments amortized for 10 years from the Effective Date with the first payment due six months after the Effective Date. Each payment will be in the amount of $31,566.69. Bank of Commerce will retain its security interests in the Debtor's equipment, cattle, and crops to secure such $497,959.07 subject to the terms of the Plan.

**4.02     Class 2. Vintage Bank ("Bank")**. Impaired. Vintage has filed Claims 15-17 as follows: Claim 15 $159,590.23 (loan #507016 original amount $149,250.00, interest rate 6.95% to 3/4/24, then WSJ Prime + 1.45%, maturity 12/31/28); Claim #16 $141,377.24 (loan #40009331 original amount $192,000.00, interest rate 6.9%, maturity 1/13/31); Claim #7 $37,110.41 (loan #40009447 original amount $129,627.01, interest rate WSJ Prime + .5%, maturity 8/17/21). The claim amounts total $338,077.88.

Vintage is secured by mortgages on (a) SE/4 11-30-3W, Sumner County ($192,000.00 maximum) and (b) SW/4 26-29-3W, Sedgwick County, except 2 described tracts ($129,627.00 maximum). Vintage will be deemed secured, but not over-secured.

Treatment. The total Vintage claim of $338,077.88 will be paid with interest at 4.75% (WSJ Prime + 1.5%) from the Effective Date, in equal semi-annual payments amortized for 25 years from the Effective Date with the first payment due six months after the Effective Date. Each payment will be in the amount of $11,624.04. Vintage will retain its mortgages subject to the terms of the Plan.

**4.03     Class 3. Home Bank and Trust Company ("HBT")**. Impaired. HBT has filed Claim #14 in the amount of $242,797.71 (loan #40135607 original amount $383,242.70, interest rate 6.5% - or HBT "real estate base rate", maturity 8/13/30). The claim total is $242,797.71.

HBT is secured by a mortgage on SW/4 16-30-SW Sumner County ($283,242.70 maximum). HBT is fully secured.

Treatment.    The total HBT claim of $242,797.71 will be paid with interest at 4.75% (WSJ Prime + 1.5%) from the Effective Date, in equal semi-annual payments amortized for 25 years from the Effective Date with the first payment due six months after the Effective Date. Each payment will be in the amount of $8,348.05. HBT will retain its mortgage subject to the terms of the Plan.

**4.04    Class 4. Emprise Bank ("Emprise").** Impaired. Emprise has filed Claim #12 in the amount of $1,385,007.06. This is based on a judgment entered August 26, 2019. The judgment, in turn, is based primarily on a guarantee of obligations of the Debtor's son, Randall J. Robben who is also a debtor in a pending Chapter 12 bankruptcy, Case No. 20-10009. The Emprise claim will be allowed in the initial amount of $1,370,372.82 (reduced for post-judgment fees and costs under the doctrine of merger).

Emprise holds a judgment lien under Case No. 2019 CV 000466, District Court of Sedgwick County, Kansas against the Debtor's interest in real estate located in Sedgwick County (other than homestead – SW/4 14-28-R2W), Sumner and Butler Counties, per the Schedules. The Debtor holds an undivided ½ interest in such real estate. All such real estate, other than the Butler County properties (Schedule A/B ¶1.12 and 1.13 and possibly Sedgwick County property ¶1.5) are subject to prior mortgages in favor of Bank of Commerce, Vintage Bank, and/or Home Bank and Trust, and the equitable mortgage of Youngers as to ¶1.6. In addition, the Emprise judgment lien does not attach to the homestead, Sedgwick County property ¶1.3.

6

Treatment. The initial $1,370,372.82 referenced above will be divided between (1) $637,500.00 which is the amount provided for Emprise as a secured claim in the Randall J. Robben Chapter 12 Plan, and (2) $732,872.82, the balance of the Emprise claim.

Notwithstanding that the Debtor questions the value of the Emprise judgment lien as to his interest in real estate, the $729,872.82 will be deemed secured in such real estate, and paid with interest at 4.25% from the Effective Date, in equal semi-annual payments amortized for 25 years from the Effective Date, with the first payment due six (6) months from the Effective Date. Each payment will be in the amount of $23,841.39.

Emprise will also be paid the full $3,000.00 value of the combine (Schedules A/B ¶498, with interest at 4.75% from the Effective Date, in equal semi-annual payments amortized for ten (10) years from the Effective Date, with the first payment due six (6) months from the Effective Date. Each payment will be in the amount of $190.18.

Emprise will retain no lien, and will be deemed to have had no lien, in the homestead property. See above. However, Emprise will retain its judgment lien(s), limited to a total of $729,872.82, and further limited to the value per individual tract in excess of the amount of any prior mortgage, as of the Effective Date, all subject to the terms of the Plan.

Emprise will also retain its lien in the combine subject to the terms of the Plan.

**4.05 Class 5. General Unsecured creditors.** Impaired. Per the Schedule of Claims (Exhibit A attached hereto) general unsecured claims are: Bank of America ($4,614.74 and $7,789.93); MKC ($78,251.41); Capital One ($224.59); JD ($17,393.99); PNC ($8,484.29); and Tallgrass Commodities ($66,424.99). These claims total $183,183.94.

Treatment. Allowed unsecured claims will be paid in full, with interest at 3.25% (WSJ Prime) from the Effective Date, in equal semi-annual payments amortized over ten (10) years

from the Effective Date with the first payment due six months from the Effective Date. Each payment will be in the amount of $10,801.62 (to be paid pro-rata to each unsecured claimant set out above).

## Article V.
## Allowance and Disallowance of Claims

**5.01 Disputed Claim**. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest with standing has filed an objection or motion to determine; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 No Distribution on a Disputed Claim**. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03 Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval.

**5.04 Motion to Determine**. Whether or not an objection to a Deemed Allowed or Filed claim has been filed, the Debtor may file a motion to determine the amount of any claim, at any time prior to entry of a Final Decree.

## Article VI.
## Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed Executory Contracts and Unexpired Leases**.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Confirmation Date: Any and all government payment contracts (USDA, etc.).

(b) The Debtor will be deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under this Article, or as may be assumed pursuant to an amended list of assumed executory contracts and leases filed on or before the Confirmation Date. Any such amendment will not be deemed an amendment to the Plan.

**6.02 Bar Date**. A claim otherwise arising from the rejection of an executory contract or unexpired lease must be filed no later than twenty-one (21) days after the Confirmation Date, and will be allowed as an unsecured claim only on a notice and hearing basis.

## Article VII.
## Means for Implementation of the Plan

The Debtor will continue with his farming operation, including crops and cattle. The Debtor will also continue his crop insurance sales business and tax preparation business. The income from these businesses will fund the Plan.

## Article VIII.
## General Provisions

**8.01 Definitions and Rules of Construction**. The definitions and rules of construction set forth in Code §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and are supplemented by the following definitions:

Allowed Claim: A claim in the amount and classification set out in a timely filed proof of claim, or as set out in a Debtor's Schedules, unless listed as contingent, unliquidated, or disputed ("CUD") and no claim is filed. Notwithstanding, a claim will be an allowed claim only as determined by court order if any objection or motion to determine is filed, or as set out in the Schedule of Claims attached as Exhibit A to the Plan.

Allowed Secured Claim: An Allowed Claim secured by a lien, security interest or other charge against property in which a bankruptcy estate of the Debtor has an interest, to the extent of the value, determined in accordance with Code §506(a).

Allowed Unsecured Claim: An Allowed Claim that is unsecured, i.e. not secured by any property of the Debtor or the bankruptcy estate of the Debtor.

Code: The United States Bankruptcy Code – 11 U.S.C. §101 et seq.

Confirmation Date: The date of the entry of an order of the Bankruptcy Court confirming the Plan.

Confirmation or Confirmation Order: The order of the Bankruptcy Court confirming the Plan.

Effective Date of Plan. The Effective Date of this Plan is the first business day following the date that is fourteen (14) days after the entry of the Order of Confirmation. If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after the date on which the stay of the Confirmation Order expires or is otherwise terminated.

Filing Date: February 19, 2020

Impaired: Has the meaning as provided in Code §1124.

**8.02 Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.03 Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.04 Avoidance Actions.** No avoidance action will be pursued. Further, no creditor may bring an action based in whole or in part on facts and circumstances under which the estate could have brought an action under the Code, including any action otherwise available to creditors pre-petition, and assertable by the Debtor under §544(b).

**8.05 Reservation of Rights**. Although no avoidance actions will be pursued, the Debtor reserves all rights to assert and pursue either affirmatively or by defense any claims he may hold under state law against any person.

**8.06 Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction for the following purposes:

    i. To rule on the allowance of claims and to hear any objections or motion to determine the correct amount thereof;

    ii. To hear and resolve any other matter as to interpretation of the Plan;

    iii. To allow and approve or disapprove the payment of any administrative expense not previously allowed;

    iv. To determine and resolve questions concerning the existence of a default under this Plan;

    v. To modify this Plan pursuant to Code §1127;

    vi. To correct any defect, cure any omission, or reconcile any inconsistency in this Plan or Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan; and

    vii. To issue any order necessary to carry out the Plan.

    viii. To determine any tax liability pursuant to Code §505.

    ix. To determine any adversary action which may be brought by the Debtor.

**8.07 Modification.** The Debtor may modify the Plan at any time before Confirmation pursuant to Code §1127(a) or after Confirmation pursuant to §1127(b) or (e). Other parties in interest may submit modifications after Confirmation only pursuant to §1127(e).

**8.08 Exculpation/Releases.** Neither the Debtor, nor any of his present or former employees, advisors, professionals (including attorneys and accountants) and agents, shall have or incur any liability to any holder of a claim or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Bankruptcy case, or the formulation, negotiation, or implementation of this Plan and/or the Disclosure Statement, including without limitation, pursuit of confirmation of this Plan or the administration of this Plan or property to be distributed under this Plan. Confirmation of this Plan will constitute an order releasing such parties from any such asserted liability.

**8.09 Right to Pre-Pay/Sales.** The Debtor will have the right to pre-pay any obligation provided for in the Plan, without penalty. The amount of any claim paid under this provision will include interest, to the extent provided in the Plan, to the date of payment. The Debtor may sell any asset other than in the ordinary course and use the proceeds to pay allowed claims. Net proceeds of any such sale will be paid to Allowed Secured Claims secured by the asset, in order of priority and as consistent with the Plan. Any partial payment of an Allowed Unsecured Claim will reduce pro-rata required payments as to the same. The Debtor may sell any asset under this provision free and clear of liens as long as the gross sale price is equal to or greater than the Scheduled value of such asset. Creditors retaining liens under the Plan will be required to release any such lien on an asset sold hereunder, at closing.

**8.10 Grace Period**.  The Debtor will have a 30 day grace period on any payment due under the Plan, before the same will be considered in default.

**8.11 Title to Real Estate/Trust**.  Most of the Debtor's interest in real estate is titled in the Robert Robben Family Trust of November 26, 2018 and/or the Sherry Robben Family Trust. The creation of these revocable Trusts and transfer of title to the Trusts was for estate planning purposes.  Nothing in the Plan will be deemed to have revoked such Trusts.  However, any interest of the Debtor in the real estate titled in the Trusts will be deemed subject to the terms of the Plan and any real estate lien or mortgage retained by a creditor under the Plan will attach to the Debtor's interest in real estate titled in the Trusts.

**8.12 Co-Debtor.**  The Debtor's wife, Sherry A. Robben is a co-debtor as to **Commerce Bank and Trust, Vintage Bank, and Home Bank & Trust**.  <u>Confirmation of the Plan will act as a stay and injunction against such creditors to in anyway seek payment from her separate and apart from the Debtor.  Full payment to such creditors under the terms of the Plan will be deemed to fully pay her obligation, as well as the Debtor's, to such creditors</u>.  Confirmation will also be deemed to release her from the **Emprise Bank** judgment, see Art. IV, Class 4, except as provided in ¶8.11 above.

**8.13 Effect of Confirmation**.  Confirmation of the Plan will have the effect as provided by Code §1141, <u>including</u> "bind[ing] the debtor, ... and any creditor, ...whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor ...has accepted the plan".

## Article IX.

## Discharge

**9.01**. **Discharge.** As the Plan provides for payment in full of all creditors, the Debtor will be discharged upon Confirmation. However, the Debtor will not be discharged from any debt (a) imposed by the Plan, or (b) excepted from discharge under Code §523. Full payment and such exceptions will be deemed cause under Code §1141(d)(5)(A). The discharge will otherwise have the effect provided for in 11 U.S.C. §1141(d)(1) and §524.

Robert F. Robben

/s/ _____
Robert F. Robben

By: *s/ J. Michael Morris*
J. Michael Morris #09292
Klenda Austerman LLC
301 N. Main, Ste. 1600
Wichita, KS 67202
(316) 267-0331 telephone
(316) 267-0333 facsimile
jmmorris@klendalaw.com
*Attorney for Robert F. Robben*

# Exhibit A
# Schedule of Claims

## Scheduled Creditors[1]

| Creditor | Amount | Notes |
|---|---|---|
| 2.1 Bank of Commerce and Trust | $-0- | Listed at $1,522,191.00 and secured in various property. Superseded by Claim Nos. 4-9. |
| 2.2 Emprise Bank | $-0- | Listed at $1,283,910.00 and secured in a JD combine valued at $3,000.00. Superseded by Claim No. 12. |
| 2.3 Home Bank & Trust | $-0- | Listed at $239,838.18 and secured by land. Superseded by Claim No. 14. |
| 2.4 Vintage Bank | $-0- | Listed at $317,434.55 and secured by land. Superseded by Claim Nos. 15-17. |
| 4.1 Bank of America | $4,614.74 | Scheduled amount. No claim filed. |
| 4.2 Bank of America | $7,789.93 | Scheduled amount. No claim filed. |
| 4.3 Emprise Bank | $-0- | Listed at $0. Superseded by Claim No. 12. |
| 4.4 MKC | $-0- | Listed at $78,251.41. Superseded by Claim No 2. |
| 4.5 PNC | | Listed as $8,484.29. Superseded by Claim No 11. |
| 4.6 Tallgrass Commodities | $66,424.99 | Scheduled amount –amendment. |

## Filed Claims

| Creditor/Claim No. | Amount | Notes |
|---|---|---|
| 1. Internal Revenue Service | $49,079.85 | Priority. Estimated income tax for 2018 ($44,788.19 + $2,039.31 interest) and 2019 ($2,252.33). The Debtor will object to this claim. The 2018 returns have been filed and the Debtor has no liability. No liability is anticipated for 2019. |

---

[1] A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated. 11 U.S.C. §1111(a).

27J4693

| | | |
|---|---|---|
| 2. Mid-Kansas Cooperative Assoc. ("MKC") | $78,251.41 | <u>Unsecured</u>. Supersedes scheduled claim in same amount. |
| 3. Capital One Bank | $224.59 | <u>Unsecured</u>. Not scheduled. |
| 4. Bank of Commerce & Trust ("Bank of Commerce") | $468,560.13 | <u>Secured</u>. Supersedes scheduled claim. |
| 5. Bank of Commerce | $516,626.22 | <u>Secured</u>. Supersedes scheduled claim. |
| 6. Bank of Commerce | $157,036.59 | <u>Secured</u>. Supersedes scheduled claim. |
| 7. Bank of Commerce | $56,390.27 | <u>Secured</u>. Supersedes scheduled claim. |
| 8. Bank of Commerce | $84,179.87 | <u>Secured</u>. Supersedes scheduled claim. |
| 9. Bank of Commerce | $200,352.34 | <u>Secured</u>. Supersedes scheduled claim. |
| 10. John Deere Financial ("John Deere") | $17,393.99 | <u>Unsecured</u>. Not scheduled. |
| 11. PNC Bank ("PNC") | $8,484.29 | <u>Unsecured</u>. Supersedes scheduled claim in same amount. |
| 12. Emprise Bank | $1,385,007.06 | <u>Secured</u>. Supersedes scheduled claim. |
| 13. Euler Hermes, agent for MKC | $0 | Duplicates unsecured claim No. 2. |
| 14. Home Bank & Trust Company ("HBT") | $242,797.71 | <u>Secured</u>. Supersedes scheduled claim in amount of $239,383.18. |
| 15. Vintage Bank ("Vintage") | $159,590.23 | <u>Secured</u>. Supersedes scheduled claim. |
| 16. Vintage | $141,377.24 | <u>Secured</u>. Supersedes scheduled claim. |
| 17. Vintage | $37,110.41 | <u>Secured</u>. Supersedes scheduled claim. |

27J4693