**SO ORDERED.**

**SIGNED this 26th day of January, 2021.**



_____
Dale L. Somers
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT F. ROBBEN, ) | Case No. 20-10196-DLS |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION DATED AUGUST 17, 2020

The above matter is before the Court. The Debtor appears by J. Michael Morris of Klenda Austerman LLC. Creditor Emprise Bank appears by Karl R. Swartz of Morris, Laing, Evans, Brock & Kennedy, Chtd.; Creditor Vintage Bank appears by David T. Prelle Eron of Prelle Eron & Bailey; Creditor Home Bank and Trust ("HBT") appears by Jeremy E. Koehler of Foulston Siefkin LLP; Bank of Commerce and Trust ("Bank of Commerce") appears by James J. Long; the United States Trustee appears by Christopher T. Borniger. The Debtor Robert F. Robben also appears. Thereupon the Court FINDS:

1. The Debtor filed this Chapter 11 bankruptcy case on February 19, 2020.

2. On August 17, 2020, the Debtor filed his Plan of Reorganization and Disclosure

27R8240

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 2

Statement.

3.  By Order of August 19, 2020 the Court conditionally approved the Debtor's Disclosure Statement and directed service of the same together with copies of the Debtor's Plan of Reorganization, and set September 22, 2020 as the hearing date as to confirmation of the same.

4.  Objections to the Plan were filed by Emprise Bank and the United States Trustee. Emprise Bank also objected to the Disclosure Statement. Thereupon the Court continued the matters.

5.  The Plan and Disclosure Statement again came before the Court on December 2, 2020. After hearing the statements of counsel and the testimony of Mr. Robben, the Court approves the Disclosure Statement as containing adequate information and confirms the Plan under the terms of this Order.

6.  The Plan is modified as follows:

    (a) **Article 4.01 Class 1 Bank of Commerce and Trust ("Bank of Commerce")** is modified as set out in Exhibit 1 attached hereto.

    (b) **Article 4.02 Class 2 Vintage Bank ("Vintage")** is modified as set out in Exhibit 2 attached hereto.

    (c) **Article 4.03 Class 3 Home Bank and Trust Company ("HBT")** is modified as set out in Exhibit 3 attached hereto.

    (d) **Article 4.04 Class 4 Emprise Bank ("Emprise")** is modified as set out in Exhibit 4 attached hereto.

    (e) **Article 4.05 Class 5 General Unsecured Creditors** is modified to provide: "Treatment. Allowed unsecured claims will be paid in full, with interest at 3.25% (WSJ Prime) from

27R8240

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 3

the Effective Date, in equal semi-annual payments amortized and paid over ten (10) years from the Effective Date with the first payment due six months after the Effective Date."

(f) Other Modifications:

**Article 8.08 Exculpation/Releases** is modified by adding the following: "This provision will not apply to willful or gross misconduct."

**Article 8.09 Right to Pre-Pay/Sales** is modified by striking the last two (2) sentences, and substituting: "The Debtor may sell any asset under this provision free and clear of liens as long as the gross sale price is equal to or greater than any retained or granted mortgage or security interest as otherwise provided in the Plan."

**Article 8.12 Co-Debtor** is withdrawn, subject to specific provisions as to the co-debtor or the Debtor's spouse as set out in amended Articles 4.01, 4.02, 4.02, and 4.04.

**Article 9.01 Discharge** is withdrawn and the following substituted:

**"9.01 Discharge/Final Decree**

A. **Discharge.** The Debtor will be discharged upon completion of all payments under the Plan except as otherwise provided by court order. See Code § 1141(d)(5)(A) (allowing the court to order a discharge otherwise "for cause"). The discharge will apply to all claims or debts, other than those excepted under Code § 523, which arose, occurred, or grew out of acts performed by the Debtor before the Confirmation Date, and of all claims/debts of any kind, including those specified in Code § 5402(g)(h) or (i), whether or not a proof of claim is filed or allowed, or the holder of the claim accepts the Plan. If entered before completion of all payments under the Plan, discharge will also not apply to any un-completed payment provided for in the Plan.

B. **Final Decree.** Upon substantial consumation, see Code § 1101(2), the Debtor will

27R8240

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 4

file an application for Final Decree, even if all payments under the Plan have not been completed. Notwithstanding entry of a Final Decree, the Debtor will subsequently file a "Notice of Completion of Plan payments and Request for Entry of Discharge" when all payments have been completed or a "Motion for Entry of Discharge for Cause". Such Notice or Motion will be served on all parties in interest. The case will automatically be re-opened without a re-opening fee. Upon the expiration of a 21 day objection period, if no objections are filed a discharge order may be entered. If an objection is filed, the Court will determine the same."

7. The objections of Emprise Bank to the Disclosure Statement and the Plan are resolved by this Order. Subject to the terms of this Order, Emprise is deemed to have accepted the Plan. The objection of the United States Trustee to the Plan is also resolved by this Order.

8. The Plan as so modified is confirmed:

Bankruptcy Code and Proponent Compliance – Section 1129(a)(1) and Section 1129(a)(2). The Plan and the Proponent (the Debtor) comply with all applicable provisions of the Bankruptcy Code.

Proposed in Good Faith – Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law.

Payments – Section 1129(a)(4)l Any payments made or to be made by the Proponent (the Debtor) or person(s) acquiring property under the Plan, for services or costs and expenses in connection with the case, or the Plan and incident to the case, have been or are subject to be approved by the Court as reasonable.

Directors, Officers – Section 1129(a)(5). The Debtor is an individual and there are, therefore, no parties proposed to serve, after confirmation, as a director or officer of the Debtor, or any entity

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 5

which will be the transferee of the Debtor's assets as all such assets are to be retained.

Government Rates – Section 1129(a)(6). The Debtor is not subject to government approval of rates, and accordingly Section 1129(a)(6) is inapplicable in this case.

Best Interest of the Creditors – Section 1129(a)(7). With respect to each impaired class of claims, each holder of a claim of such class has accepted the Plan or will receive or retain under the Plan on account of such claim property of the value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

Classes of Claim or Interests – Section 1129(a)(8). With the modifications set out herein, each class of claims or interest has accepted the Plan.

Treatment of Priority Claims – Section 1129(a)(9). Except to the extent that the holder of a particular claim agrees otherwise, the Plan provides:

(a) with respect to a claim of a kind specified in Section 507(a)(2) the holder of each such claim will receive cash equal to the allowed amount of such claim on the Effective Date.

(b) with respect to a claim of kind specified in Section 507(a)(1)(4), (5)(6), or (7), the Debtors have no such claims.

(c) with respect to claims of a kind specified in Section 507(a)(8) of the Bankruptcy Code, the holder of each such claim, to the extent allowed, will receive on account of such claim regular installment payments in cash as specified in Section 1129(a)(9)(c).

Impaired Classes – Section 1129(a)(10). With the modifications set out herein, all impaired classes have accepted the Plan.

Feasibility – Section 1129(a)(11). Confirmation of the Plan is not likely to be followed

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 6

by the liquidation or the need for further financial reorganization of the Debtor.

<u>Payment of U.S. Trustee Fees – Section 1129(a)(12)</u>. All fees payable under 28 U.S.C. §1930 have been paid or the Plan provides for the payment of all such fees.

<u>Retirement Benefits – Section 1129(a)(13)</u>. The Debtor has no such benefit plans.

<u>Domestic Support Obligation – Section 1129(a)(14)</u>. The Debtor has no domestic support obligations, and accordingly Section 1129(a)(14) is inapplicable in this case.

<u>Individual Debtor – Section 1129(a)(15)</u>. The Debtor is an individual. The Plan provides for payment of not less than the amount of all allowed unsecured claims as of the Effective Date and therefore complies with §1129(a)(15)(A).

9. The solicitation of acceptances of the Plan was in good faith. The Plan is fair and equitable to all parties in interest, including, without limitation: all unsecured creditors and all secured creditors.

10. The provisions of the Plan are incorporated herein by reference as part of this Order and as modified in this Order.

11. Except as otherwise provided in the Plan as modified, and this Order, the effect of confirmation of the Plan will be as provided in 11 U.S.C. §1141.

12. Any government agency, department, or similar unit, is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions and transfers contemplated by the Plan, including, without limitation, documents and instruments for recording in: (i) county recording offices or register of deed offices necessary to transfer title to or record or continue liens and encumbrances against real estate, and (ii) county and state offices wherein financing or termination statements under the Uniform Commercial Code or vehicle

27R8240

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 7

titling or lien perfection are authorized to be filed or continued.

13. The Plan is confirmed as set out herein.

IT IS SO ORDERED.

### 

APPROVED:

KLENDA AUSTERMAN LLC
301 North Main, Suite 1600
Wichita, KS 67202
Tel: (316) 267-0331
Fax: (316) 267-0315
jmmorris@klendalaw.com

*s/ J. Michael Morris*
J. Michael Morris #09292
*Attorney for Debtor-in- Possession*

MORRIS, LAING, EVANS,
BROCK & KENNEDY, CHTD.
300 N. Mead
Wichita, KS 67202-2745
(316) 262-2671

s/*Karl R. Swartz*
Karl R. Swartz, #12532
*Attorney for Emprise Bank*


PRELLE ERON & BAILEY
301 N. Main St. Ste. 2000
Wichita, KS 67202
(316) 262-5500
david@eronlaw.net

s/*David T. Prelle Eron*
David T. Prelle Eron, #23429
*Attorney for Vintage Bank*

U.S. Bankruptcy Court for the District of Kansas
In re Robert F. Robben, Case No. 20-10196
Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization Dated August 17, 2020
Page 8

FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy., Ste. 100
Wichita, KS 67206-4466
(316) 267-6371
jkoehler@foulston.com

s/*Jeremy E. Koehler*
Jeremy E. Koehler, #28217
*Attorney for Home Bank and Trust*

James J. Long
PO Box 47720
Wichita, KS 67201-7720
(316) 265-2689
jjlong13728@aol.com

s/*James J. Long*
James J. Long, #_____
*Attorney for Bank of Commerce and Trust*

OFFICE OF THE UNITED STATES TRUSTEE
301 N. Main St., Ste. 1150
Wichita, KS 67202
(316) 269-6216
Christopher.t.borniger@usdoj.gov

s/*Christopher T. Borniger*
Christopher T. Borniger #24692
Trial Attorney

27R8240